UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

JARIBU WEBB-THOMPSON,

               Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-0068(FB)

*Appearances:*

*For the Plaintiff:*
LORETTA E. LYNCH, ESQ.
United States Attorney
JAMES P. LOONAM, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant:*
JUSTINE A. HARRIS, ESQ.
Colson & Harris LLP
10 East 40th Street, Suite 3307
New York, NY 10016

**BLOCK, Senior District Judge:**

        On November 19, 2010, pursuant to a plea agreement under which he pled guilty to one count of conspiracy to distribute cocaine base, defendant Jaribu Webb-Thompson was sentenced to the mandatory minimum sentence of 60 months imprisonment. Webb-Thompson is scheduled for release on October 3, 2012.

        Webb-Thompson now moves to vacate his sentence pursuant to 28 U.S.C. § 2255. Specifically, Webb-Thompson contends that he is entitled to a new sentence based upon the Fair Sentencing Act of 2010 ("FSA"), which went into effect on August 3, 2010 and created more lenient crack quantity thresholds for mandatory minimum sentences. Following the enactment of the FSA many circuit courts, including the Second Circuit, found that the statute

did not apply retroactively to defendants who committed a crack-related offense prior to August 3, 2010. *See United States v. Acoff*, 634 F.3d 200 (2d Cir. 2011). However, the Supreme Court recently held the opposite, in *United States v. Dorsey*, 123 S. Ct. 2321 (June 21, 2012), establishing that the more lenient provisions of the FSA apply to defendants who, like Webb-Thompson, committed offenses before August 3, 2010 but were sentenced after that date.

The government opposes Webb-Thompson's motion on the grounds that, pursuant to his plea agreement, Webb-Thompson agreed to waive his right to challenge his sentence by § 2255 petition if the court imposed a sentence below 96 months. Such a waiver of the right to collaterally attack a sentence is "presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). There are exceptions to the enforceability of waivers, including: "when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence" *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000); a waiver may also be unenforceable when a defendant claims ineffective assistance of counsel in connection with the plea agreement, *see Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195-96 (2d Cir. 2002).

This is the case even in light of subsequent changes in the law that the defendant did not anticipate at the time of the plea agreement, as is the case here. The Second Circuit has held that a defendant's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary,

2

the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005); *see Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) ("We have long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into. The reasons for enforcing waivers of direct appeal in such cases lead us to the same conclusion as to waivers of collateral attack under § 2255.") (internal citation omitted).

Webb-Thompson's petition is silent with respect to the waiver issue; he has not argued that his waiver was unknowing or involuntary, that his sentence was based on impermissible factors, that the government breached the plea agreement, that the sentencing court failed to enunciate a rationale for his sentence, or that he received ineffective assistance of counsel. The Supreme Court's holding in *Dorsey*, establishing that the FSA is applicable to defendants like Webb-Thompson, does not render the waiver unenforceable. Accordingly, Webb-Thompson's petition to vacate his sentence is denied. Because Webb-Thompson has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c).

**SO ORDERED.**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 22, 2012